UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>DANADO EUGENE MOORE and<br>ANTONIO NICHOLAS SMITH,<br><br>        Defendants. | No.  2:16-cr-00090-JAM<br><br>**ORDER DISMISSING INDICTMENT AGAINST DEFENDANT MOORE** |

                            I.     BACKGROUND

Defendant Danado Eugene Moore ("Mr. Moore") is charged with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 14. On August 26, 2016, Assistant United States Attorney Timothy Delgado ("Mr. Delgado") called Mr. Moore's attorney, Sean Riordan ("Mr. Riordan"), and stated that "the government had changed course with respect to Defendant Moore, and intended to dismiss the indictment against him." Delgado Decl. ¶ 4, ECF No. 35-1. Neither attorney memorialized the conversation in writing on the date the conversation occurred. Tr. 3, Sept. 6, 2016, ECF No. 30. Three days later, Mr. Riordan sent Mr. Delgado an email stating that "the defense

would like to see [the dismissal] happen as soon as possible." Ex. A4 to Riordan Decl., ECF No. 34-5. Mr. Delgado did not respond to Mr. Riordan's email. Delgado Decl. ¶ 10. Mr. Riordan sent Mr. Delgado another email on September 1, 2016, inquiring about "the Rule 48(a) filing." Ex. A5 to Riordan Decl. Later that day, Mr. Delgado called Mr. Riordan and said that "in light of recent case developments . . . the [G]overnment would not be dismissing the charge against Defendant Moore." Id. ¶ 11.

On September 6, 2016, the case came before this Court for a trial confirmation hearing. See ECF No. 26. The Court instructed the parties to "brief the issue of whether [the Court] should enter a dismissal based on the [G]overnment's representation" that it would dismiss the indictment against Mr. Moore. Tr. 6. The Government and the defense both submitted briefs on whether the Court should dismiss the indictment against Mr. Moore. ECF Nos. 34, 35. For the reasons set forth below, the Court concludes that the indictment against Mr. Moore must be dismissed.

## II.   OPINION

Contract law principles apply in the context of promises made to defendants by prosecutors. See e.g. United States v. Weaver, 905 F.2d 1466 (11th Cir. 1990) (analyzing estoppel with respect to a federal agent's promise of immunity); Puckett v. United States, 556 U.S. 129, 137 (2009) ("[P]lea bargains are essentially contracts."); United States v. Washington, 887 F. Supp. 2d 1077, 1099 (D. Mont. 2012), adhered to on reconsideration, 2012 WL 4602838 (D. Mont. Oct. 2, 2012)

(analyzing promissory estoppel in defendants' motions to dismiss indictments).

Mr. Moore argues that the Court should dismiss the indictment in this case under the doctrine of promissory estoppel. Def.'s Mot. to Dismiss at 8, ECF No. 34. To successfully invoke promissory estoppel, the promisee must show "(1) the existence of a promise, (2) which the promisor reasonably should have expected to induce the promisee's reliance, (3) which actually induces such reliance, (4) that such reliance is reasonable, and (5) that injustice can only be avoided by enforcement of the promise." Washington, 887 F. Supp. 2d at 1099 (citing Aguilar v. Intl. Longshoremen's Union Loc. No. 10, 966 F.2d 443, 445 (9th Cir. 1992)). The promise must be clear and unambiguous. Id.

It is uncontroverted Mr. Delgado made a clear and unambiguous promise to dismiss Mr. Moore during his August 26, 2016 conversation with Mr. Riordan. Mr. Riordan unequivocally stated in his declaration that Mr. Delgado told Mr. Riordan "that the Government would dismiss the case against Mr. Moore." Riordan Decl. ¶ 7. This promise is also evidenced by the email Mr. Riordan sent to Mr. Delgado on August 29, 2016 asking Mr. Delgado to file the Rule 48(a) dismissal as soon as possible. Ex. A4 to Riordan Decl. Furthermore, Mr. Delgado does not contest that he told Mr. Riordan he would dismiss the indictment. In fact, Mr. Delgado indicates in his declaration that he told Mr. Riordan "that the government had changed course with respect to Defendant Moore and intended to dismiss the indictment against him." Delgado Decl. ¶ 4. Mr. Delgado also never responded to

Mr. Riordan's August 29 email to indicate that anything Mr. Riordan had stated in his email was incorrect or that his promise to dismiss the indictment was conditional in any manner. Indeed, if Mr. Delgado had changed his mind or intended to add undisclosed conditions to the promise to dismiss the indictment against Mr. Moore, he should have responded to Mr. Riordan immediately to clarify the Government's intent. At no time did the government indicate in writing that it was withdrawing or adding conditions to its promise to dismiss Mr. Moore.

The second element—reasonable expectation of reliance—is also present here. Mr. Delgado clearly and reasonably expected Mr. Riordan to rely on Mr. Delgado's promise to dismiss the indictment as evidenced by Mr. Delgado's statement in his declaration that he "was aware that [Mr. Riordan] was contemplating a lengthy discovery motion" and Mr. Delgado "wanted to notify [Mr.] Riordan without delay so as to spare him any unnecessary work over the coming weekend." Delgado Decl. ¶ 14. Additionally, Mr. Riordan told Mr. Delgado that "his client would be happy to hear the news." Id. ¶ 8. The evidence demonstrates that Mr. Delgado "reasonably expected" that his promise to dismiss the indictment would induce Mr. Riordan to (1) stop working on the discovery motion and other trial preparation; and (2) tell his client that the Government would dismiss the federal charge against him.

As to the third element of promissory estoppel, it is clear that Mr. Moore and Mr. Riordan actually relied on Mr. Delgado's promise. Mr. Riordan indicates that based on Mr. Delgado's representation, Mr. Riordan "met with [Mr. Moore] to relay the

4

1 good news to him." Riordan Decl. ¶ 9.  Mr. Riordan also
2 indicated in a request to the Court that he had "stopped work on
3 the case—including stopping forensic analysis of the firearm in
4 question and stopping a social science expert's work." Def.'s
5 Req. at 2, ECF No. 24.

6 There is no dispute that, as to the fourth element of
7 promissory estoppel, Mr. Moore's and Mr. Riordan's reliance was
8 reasonable.  The American Bar Association's Model Rules of
9 Professional Conduct implore attorneys to keep clients informed
10 of the status of the client's case.  Model Rules of Prof'l
11 Conduct r. 1.4(a).  It was both reasonable and ethically expected
12 of Mr. Riordan to inform Mr. Moore that the Government intended
13 to dismiss the federal charge against him.  It was also
14 reasonable for Mr. Riordan to stop working on the discovery
15 motion and other trial preparation.  In fact, as noted above, the
16 government told Mr. Riordan on Friday, August 26, 2016 of its
17 intent to dismiss Mr. Moore "without delay so as to spare him any
18 unnecessary work over the coming weekend." See Delgado Decl.
19 ¶ 14.

20 Lastly, injustice against Mr. Moore can only be avoided by
21 enforcing the government's promise to dismiss the indictment.
22 Mr. Moore remains in jail on the federal charge as of the date of
23 this Order, nearly a month after Mr. Moore was informed that the
24 indictment against him would be dismissed.  Mr. Delgado's failure
25 to follow through with his promise has also created the risk of
26 "undermining Mr. Moore's trust in counsel and interfering with
27 the attorney/client relationship."  Mot. to Dismiss at 9.
28 Furthermore, because of Mr. Delgado's promise to dismiss the

indictment, Mr. Riordan stopped his discovery, investigation and trial preparation efforts on this case.  Mr. Riordan lost several critical days of preparation for Mr. Moore's impending trial.  While the government argues that dismissal of the indictment is too drastic of a remedy under the circumstances, the Court disagrees.  Dismissal is necessary to ensure justice.  This Court admittedly holds federal prosecutors to a higher standard than the usual litigant and expects them to follow through on their promises. The Court can think of no promise more significant than the one made in this case to dismiss Mr. Moore. It must be enforced.  United States v. Hoffman, 2015 WL 5604419, at *3 (E.D. Cal. Sept. 23, 2015).  "Courts expect even higher ethical standards from prosecutors."  Morrow v. Superior Court, 30 Cal. App. 4th 1252, (1994), as modified (Jan. 5, 1995).

Constitutional principles of due process and fundamental fairness also support dismissal of the indictment against Mr. Moore.  The Ninth Circuit has stated that "fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected."  Johnson v. Lumpkin, 769 F.2d 630, 633 (9th Cir. 2014).  Additionally,

> Defendants have a due process right to enforce governmental promises.  Requiring the government to uphold the agreements into which it enters is a matter of great public interest.  With respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights—to concerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government.

United States v. Jensen, 996 F. Supp. 2d 1151, 1154 (D. Utah 2014) (internal quotation marks and citations omitted).  Both the

6

private interest of Mr. Moore and public interest in the fair administration of justice oblige the Government to uphold the promise it made to Mr. Moore and his counsel. The government in a criminal case wields considerable power. Hoffman, 2015 WL 5604419, at *3. It therefore "has a vital responsibility to criminal defendants, the courts, and to the public to exercise its powers responsibly and justly." United States v. Gourley, 2006 WL 2585027, at *4 (Sept. 7, 2006). A prosecutor's word is his bond. In this case, on August 26, 2016 the government unequivocally and unconditionally told Mr. Moore's attorney that the federal charge against his client would be dismissed. Given the government's refusal to now honor its promise to Mr. Moore, the Court is obligated to step in and enforce this promise. Accordingly, the indictment against Mr. Moore is dismissed.

### III.   ORDER

For the reasons set forth above, the Court dismisses the indictment against Mr. Moore. The case will proceed against Defendant Antonio Smith.

IT IS SO ORDERED.

Dated: September 23, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7